IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC MARINO | § | |
| | § | |
| V. | § | A-11-CA-587-LY |
| | § | |
| GABRIEL CUNNION, et al. | § | |

### ORDER

Before the Court is Defendants' Motion for Protective Order and Brief in Support (Clerk's Doc. No. 14) filed October 31, 2011, and Plaintiff's Response in Opposition (Clerk's Doc. No. 16) filed November 9, 2011. Defendants seek protection from the Plaintiffs' discovery requests. Defendants allege that they are entitled to qualified immunity and thus entitled to protection not only from suit, but from responding to discovery requests. The District Court referred the Motion and Response for resolution.

**I.   BACKGROUND**

Plaintiff Eric Marino ("Plaintiff") filed suit on July 12, 2011, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. His claims are related to his arrest on March 30, 2010, in Hays County. Plaintiff alleges that he was falsely arrested for theft of two trailers that he had lawfully purchased and that Defendants kept him incarcerated for 29 days under "oppressive conditions," including eleven days of isolation, in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

Plaintiff sues Hays County Deputy Sheriffs Gabriel Cunnion, Araceli Amaya, and Dustin Yost in their individual capacities. He also sues Hays County Detectives Rick Rutledge and David Powell in their individual capacities. Plaintiff sues Hays County Sheriff Daniel Law in his official capacity. All Defendants have filed Answers asserting the defense of qualified immunity.

Defendants filed an Unopposed Motion for Extension of Time to File Dispositive Motion, which the District Court granted, allowing Defendants until December 12, 2011, to file dispositive motions based upon qualified immunity.

On September 29, 2011, Plaintiff served Defendants Amaya, Powell, Yost and Law with Interrogatories and Requests for Production. On October 12, 2011, Plaintiff served Defendant Rutledge with Interrogatories and Requests for Production. On October 19, 2011, Plaintiff served Defendant Cunnion with Interrogatories and Requests for Production. In the Motion now before the Court, Defendants seek a protective order from Plaintiff's discovery and an order quashing Plaintiff's discovery requests. Plaintiff responds that he is entitled to limited discovery regarding Defendants' qualified immunity defenses prior to a ruling on their entitlement to qualified immunity. Plaintiff also responds that Defendant Law is sued in his official capacity and thus any qualified immunity defense is inapplicable to him.

## II.   ANALYSIS

With regard to Defendant Law, Plaintiff is absolutely correct that, as Law is sued in his official capacity as the Hays County Sheriff, the defense of qualified immunity is inapplicable to him. Qualified immunity applies only to defendants who are sued in their individual capacity. *Owen v. City of Independence*, 445 U.S. 622, 638, n. 18 (1980). Law is not entitled to assert the defense of qualified immunity. *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 485 (5th Cir. 2000). Thus, Plaintiff is entitled to discovery from Defendant Law and he is denied any protective order regarding the discovery Plaintiff has already served on him based on the argument now before the Court.

Regarding the other five Defendants, they have been sued in their individual capacities and can assert the defense of qualified immunity. As noted above, they moved to extend the time to file a motion related to immunity, and Judge Yeakel granted that motion. They have not made a motion to dismiss the claims, nor do they contend in any pleading that the Plaintiff's claims fail to state a claim under § 1983. While qualified immunity provides officials "not just immunity from liability, but immunity from suit," *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996), this does not mean that discovery is not permitted at all when a defendant contends they are qualifiedly immune from suit. Rather, the Fifth Circuit has explained that "limited discovery on the issue of qualified immunity"' may proceed once there is a finding "that the plaintiff's pleadings assert facts which, if true, would overcome the defense qualified immunity.'" *Id.* at 1368-69 (citing *Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991, 994 & n. 10 (5th Cir.1995) (emphasis in original)).

The Court's review of the Plaintiff's complaint suggests that the facts pled there, if true, would overcome a qualified immunity defense. Moreover, the issue of qualified immunity will no doubt be fact specific in this case, and there is nothing to be gained from putting off discovery that is inevitable.

### III. CONCLUSION

Accordingly, the Court ORDERS that Defendants' Motion for Protective Order and Brief in Support (Clerk's Doc. No. 14) is DENIED.

SIGNED this 17th day of November, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE