IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC MARINO | § | |
| | § | |
| V. | § | A-11-CV-587-LY |
| | § | |
| GABRIEL CUNNION, RICK RUTLEDGE, | § | |
| ARACELI AMAYA, DAVID POWELL, | § | |
| DUSTIN YOST in their individual | § | |
| capacities, and SHERIFF DANIEL LAW | § | |
| in his official capacity | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment (Clerk's Doc. No. 20) and Plaintiff's Response (Clerk's Doc. No. 23). Also before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (Clerk's Doc. No. 24). The District Court referred these Motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

### I. FACTUAL BACKGROUND

On March 30, 2010, Gabriel Cunnion, a Deputy Sheriff with Caldwell County Sheriff's Office, was dispatched to 1700 Chalk Road, located in rural Caldwell County, Texas, after an anonymous caller allegedly reported "suspicious activity" involving "male subjects cutting up some trailers in a field." Affidavit of Araseli Amaya, Exh. A to Defendant's MSJ. Shortly after Deputy Cunnion arrived at the entrance gate to 1700 Chalk Road, Araseli Amaya, a Patrol Sergeant with Caldwell County Sheriff's Office, who had heard the dispatch call over his patrol car radio, also

arrived at the scene. Deputy Cunnion removed the chain on the entrance gate (which apparently was unlocked), opened the gate and proceeded to drive onto the property with Sergeant Amaya following in his patrol vehicle.

Approximately 200 yards from the entrance gate, the officers encountered Plaintiff Eric Marino and three other men stripping two trailers. As the officers approached the men, Plaintiff approached Deputy Cunnion, informing him that Plaintiff was the owner of the property[1] and that he had just purchased the trailers from a man named Jose Quintana, two days earlier. Plaintiff alleges that he purchased the trailers for the purpose of stripping and selling the metal for a profit. Plaintiff claims that he offered to show Deputy Cunnion a valid receipt for the purchase, but that Deputy Cunnion refused and proceeded to conduct a warrantless search of the property. Deputy Cunnion denies that Plaintiff offered to show him any paperwork for the purchase. After locating the serial numbers on the trailers, Deputy Cunnion contacted dispatch from his handheld radio at which point he learned that the trailers had been reported stolen from Hays County. Deputy Cunnion and Officer Amaya then made the decision to handcuff the men and notify the Criminal Investigations Division of the Caldwell County Sheriff's Office. Shortly thereafter, Caldwell County Detectives David Powell and Dustin Yost, and Hays County Detective Rick Rutledge arrived at the scene and Plaintiff and the three other men were arrested and charged with felony offenses of Theft and Engaging in an Organized Criminal Activity. After spending 29 days—11 of them in solitary confinement—in the Caldwell County Jail, Plaintiff was released from custody, and all criminal charges against him were ultimately dismissed.

---

[1] Plaintiff alleges that he had purchased the property for a "weekend retreat" for his family. Plaintiff's Response at p. 2. Although no permanent structure was on the property, a shed with electricity and a shower and two mobile homes (which Plaintiff was allegedly restoring) were located on the property. Plaintiff further emphasizes that the property was fenced and gated.

On July 12, 2011, Plaintiff filed the instant civil rights lawsuit pursuant to 42 U.S.C. § 1983, against Deputy Gabriel Cunnion, Sergeant Araseli Amaya, Detectives David Powell and Dustin Yost of the Caldwell County Sheriff's Department, and Hays County Detective Rick Rutledge in their individual capacities, and Sheriff of Caldwell County Daniel Law, in his official capacity. Plaintiff's Complaint alleges that Defendants Cunnion, Amaya, Powell, Yost and Rutledge violated his Fourth and Fourteenth Amendment rights to be free from false arrest and false imprisonment. Plaintiff further claims that Defendant Law subjected him to cruel and unusual punishment, in violation of Plaintiff's Eighth and Fourteenth Amendment rights. Plaintiff alleges that he was wrongfully arrested and incarcerated for 29 days under "oppressive conditions" at Caldwell County Jail. Plaintiff alleges that he was kept in isolation for eleven days and was denied any reading materials. After being released from isolation, Plaintiff claims that he was placed in cell blocks with violent prisoners. Plaintiff also contends that he missed a child custody hearing while he was in jail which caused him to temporarily lose access to his children.

Defendants Gabriel Cunnion, Asraseli Amaya, David Powell, Dustin Yost and Rick Rutledge ("Defendants"), have now filed a Motion for Summary Judgment arguing that they are entitled to qualified immunity with regard to Plaintiff's claims in this case. Defendants argue that Plaintiff's Complaint fails to allege that the Defendants were personally involved in the alleged constitutional violations. In addition, Defendants argue that they had probable cause to arrest Plaintiff which provides them with qualified immunity to Plaintiff's claims. Plaintiff opposes Defendants' Motion for Summary Judgment, contending that there are material fact issues which preclude summary judgment.

## II. Plaintiff's Motion to Amend Complaint

Plaintiff requests leave to filed an Amended Complaint in order to remove Defendant Yost as a Defendant in this case and to add an additional claim against Defendant Powell. Defendants did not file a Response to the Motion. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." The Court finds that Plaintiff has presented good cause to permit him to amend his Complaint. Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint (Clerk's Doc. No. 24) is HEREBY GRANTED. The Court will now address Defendant's Motion for Summary Judgment.

## III. Defendant's Motion for Summary Judgment

**A.   Standard of Review**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**B.     Personal Involvement of the Defendants**

Defendants first argue that Plaintiff has failed to allege sufficient facts showing that the Defendants were personally involved in the alleged constitutional violations. The Court strongly disagrees. Plaintiffs' Complaint clearly alleges facts showing that the named Defendants were personally involved in Plaintiff's arrest and incarceration. Specifically, Plaintiff's Complaint alleges that the Individual Defendants entered Plaintiff's property without a warrant and without probable

cause and were involved in the decision to arrest Plaintiff. Plaintiff further alleges that the Defendants did not allow him to show them a valid receipt for the trailers and instead chose to arrest him. In addition, the Defendants' own affidavits show that the they were personally involved in the search of Plaintiff's property and subsequent arrest of Plaintiff. Accordingly, the Court finds that there are sufficient facts in the record at this time to show that Defendants were personally involved in the arrest of Plaintiff.

## C. Qualified Immunity

Defendants argue that they are entitled to qualified immunity with regard to Plaintiff's false arrest/false imprisonment claims because the Defendants had probable cause to arrest Plaintiff. Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Thus, in order to decide whether a defendant is entitled to qualified immunity, the court considers whether the "officer's conduct violated a constitutional right," as well as "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A government official is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions," even if the conduct violated the plaintiff's constitutional right. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc), *cert. denied*, 537 U.S. 1232 (2003). Once a government official invokes qualified immunity, the plaintiff bears the burden of showing that the defense does not apply. *Id.*

The Fourth Amendment right to be free from arrest without probable cause has long been clearly established. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at

the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). An arresting officer who "reasonably but mistakenly concludes" that probable cause exists is entitled to qualified immunity for the arrest. *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). Thus, in order to overcome the defense of qualified immunity, the plaintiff must demonstrate that the officer "lacked arguable (that is, reasonable but mistaken) probable cause" for the arrest. *Club Retro*, 568 F.3d at 207.

Based upon the few facts before the Court, Plaintiff has alleged sufficient facts to demonstrate genuine issues of material fact regarding whether the Defendants in this case had probable cause to arrest Plaintiff. First, the Court notes that there are fact issues regarding whether the Defendants violated the Fourth Amendment by entering Plaintiff's property in the first place. It is undisputed that the Defendants did not have a search warrant and there is conflicting testimony regarding the exact statements made in the anonymous 911 call. In addition, there is a fact issue as to whether the Defendants could see Plaintiff dismantling the trailer from the public road. In addition, there are fact issues regarding the type of property at issue in the case. There are also fact issues regarding the circumstances and events leading up to Plaintiff's arrest. Plaintiff alleges that he offered to show the Defendants a valid receipt for the trailer, but that the Defendants refused. In addition, Plaintiff has alleged that he was incarcerated in Caldwell County Jail for 29 days before he was released and all charges against him were eventually dropped.

Based upon the foregoing, the Court finds that there are genuine issues of material fact with respect to whether the Defendants are entitled to qualified immunity in this case. Accordingly, the Defendants' Motion for Summary Judgment should be denied.

## IV.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion for Summary Judgment on Qualified Immunity (Clerk's Doc. No. 20).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE